Jeffrey W. Campbell
Name                    #50417

P.O Box 1328

Los Lunas New Mexico
Address                    87031

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 23 2014

MATTHEW J. DYKMAN
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Jeffrey W. Campbell_____, Plaintiff
(Full Name)

v.

\* THE G.E.O Group Inc.
\* Guadalupe County Correctional, Defendant(s)
\* Corizon Medical Services

CASE NO. 14 cv 496 JB/WPL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A.  JURISDICTION

1) Jeffrey Wayne Campbell_____, is a citizen of New Mexico
       (Plaintiff)                                    ( State )
who presently resides at P.O Box 1328 (L.T.C.U) Los Lunas
                              (Mailing address or place of confinement)
New Mexico 87031_____

2) Defendant THE G E O Group Inc._____ is a citizen of
              (Name of first defendant)
Santa Rosa New Mexico_____, and is employed as
       (City, State)
Guadalupe County Correctional Facility . At the time the claim(s)
( Position and title, if any)
alleged in this complaint arose, was this defendant acting under color of state law?
Yes ☐    No ☒    If your answer is "Yes", briefly explain:

3)  Defendant _CORIZON (medical Services)_ is a citizen of
       (Name of second defendant)
_Santa Rosa , New Mexico_, and is employed as
       (City, State)
_medical care provider at G.C.C.F_. At the time the claim(s)
       ( Position and title, if any)
alleged in this complaint arose, was this defendant acting under color of state.

Yes ☐  No ☒     If your answer is "Yes", briefly explain:

(Use the back of this page to furnish the above information for additional defendants.)

4)  Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

## B.  NATURE OF THE CASE

1)  Briefly state the background of your case.

The Gaudalupe County Correctional Facility And it's Medical Services provider Failed to provide Adequate Medical Services And/or Delayed the Treatment for An Injury on November 27th 2013 which Caused an infection; contributing to the Pain And Discomfort prior to And After treatment on November 30th 2013, which has required long Term Care beyond the Scope of Injury.

The Facility failed to follow Policy and procedures which not only Affected My Family but My rights to Affectively Seek proper Remedy under due Process praticies And procedures enforced by the Fourth, Fifth and Eighth Amendments of the Constitution, And policy of the New Mexico Corrections Department.

(See Attached)

## Nature of the Case

On November 27th 2013, I was Assaulted by 1 or more persons at the Gaudalupe County Correctional Facility which required direct Medical Attention or Transfer for Treatment based on the obvious Trauma to the Head and Facial Area, however this was ignored until My condition had worsened.

On or about November 30th I was Transferred to A local Hospital. after a CT/Scan was performed it revealed (2) Two Seperate Fractures which were Distracted in the lower Mandible Area And Needed to be Transferred to the University of New Mexico Hospital in Albuquerque New Mexico.

Upon Admission to the Emergency room a Medical Screening Exam determined at 05:25:00 Am on 11-30-2013 that An Emergency Medical Condition Exists and Surgery was required to repair the Fractures within the Next (4) Four days, Based on the Hish Risk factor for an infection caused by the Delayed Presentation, which revealed Signs of Purulent Fluid in the Left Angle Fracture. I have required daily wound care at the Long Term Care Facility For the past (5) Five Months. During this time I have recieved numerous Medical bills Estimated At over $36,000 ºº dollars And been denied My personal property from G.C.C.F, including all legal Materials that were lost as a result of the Pre-Hearing Detention and Transfer.

## C.   CAUSE OF ACTION

1)   I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:  (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1)  Count I:   An Individual who recieves AN Injury And is Not provided Adequate Medical services over Any period of time, which places the Individuals Health And Well-being At Risk, Should be Considered Cruel & Unusual Punishment under the Eighth Amendment.

(2)   Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing leagl authority or argument.)

The Employee's of G.C.C.F And Corizon Medical refused medical Treatment between November 27th 2013 and November 30th 2013 for a dual Fracture in the lower Jaw which prevented me From Eating, Causing moderate pain and Discomfort during that period.

(See Attached)
A.2

B)(1)  Count II:  Failure of the Gaudalupe County Correctional Facility And the Corizon Medical Services provider to equip the Facility with equipment And or procedures to determine the exact Nature of the Injury, And designed to detect bone Fractures And provide proper medical Services which may affect the Individuals Health And Well-being.

(2)  Supporting Facts:

As Reports on November 27th 2013 reflect a Failure of Medical staff to utilize proper equipment and/or procedures to determine the Exact extent of Injury and prompted Treatment, oppossed to delayed Treatment which Caused unreasonable Conditions prior to and After Treatment.     (See Attached B.2)

ISSUE #1    Supporting Facts

On November 27th 2013 I was assaulted which required Medical Treatment opposed to PRE. Hearing Detention based on the obvious Trauma to the head and Facial Area.

After the Assault I was placed in Administrative detention in Housing H-1-B*201. During this time I complained Numerous times to staff regarding my inability to eat, stand for a long period of time, dizzyness, constant Feeling of Nausea and discomfort. in which they ignored my request to be Taken to Medical.

On or about November 30th 2013 I was moved to another part of the prison And Continued to Complain, at some point I was seen by Medical and Finally Transferred to the local Hospital. Due to thier inability to treat my Injury I was Transferred to the University of New Mexico Hospital E.R in Albuquerque.

It is believed I was cleared from medical on November 27th 2013, This Failed to Address An Injury that required Surgery and No preventative Medication was provided to reduce the Risk of infection, reduce the Swelling and Discomfort affecting my Ability to eat. However this Negligence resulted in a prolonged Recovery and Continued after Care Caused by an infection which had not been Considered at the time of Injury, and required A Second Surgery on May 7th 2014 and permanent disfigurement

B-2

## ISSUE #2          Supporting Facts

According to A memorandum I was seen in Medical on November 29, 2013, then seen at the local Hospital and transferred to U.N.M.H E.R in Albuquerque for treatment. This was determined upon initial Exam and after CT/SCANS were conducted At the local Hospital.

According to U.N.M.H CT/SCANS describe (2) two seperate fractures along with abscesses at the site of each fracture. This injury occured at or around 22:27 pm on November 27th 2013 And was seen on November 30th 2013 at 05:20 Am, According to E.R report this delay placed a High Risk Factor for an infection and Further reveals that an Emergency Conditian Exists And needed Surgery within the Next (4) Four days, Had the Injury been Addressed Sooner the window for Surgery would have been greater.

An Injury report dated 11-27-2013 which had been improperly filled out fail to establish any fractures in the Area, Several facts Support No Follow up or Any procedures that May reveal any NON-visible Injuries to the Face or head. This was determined by Hospital officials by the use of A CT/Scan with the exception of the Swelling And Minimal Jaw Movement. Had this Equipment or Similar to, been utilized on November 27, 2013 these fractures would have been detected And treated sooner, decreasing the risk of infection that was Evident at the time of Injury and believed to of been the cause of the Abscess and the delayed presentation.

C)(1) Count III: If at Any Time An Inmate is placed in Segregation and, property Siezed And Never Returned without proper Administrative procedures and deemed insufficient based on the Supporting Evidence would Show the Seizure of Person And Property unJustified under the Fourth And Fifth Amendment.

(2)  Supporting Facts:

Several Documents at the Conclusion of An Investigation Should provide a clear and Concise Sequence of Events that had occured, which shall protect the rights of All parties involved and conform to the requirements set Forth under Due Process.

(See Attached C.2)

D)  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐  No ☒   If your answer is "YES", describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a)  Parties to previous lawsuit.

Plaintiffs:  _____ N/A _____

Defendants:  _____ N/A _____

b)  Name of court and docket number:

N/A

c)  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

N/A

d)  Issues raised:  _____ N/A _____

C-2

<u>Issue #3</u>     <u>Supporting Facts</u>

On November 27th 2013 at 10:25pm a fight Allegedly occured and I was placed in Pre Hearing Detention which Affected my Ability to obtain proper Medical Treatment, and the Siezure of personal property.

The misconduct report is the basis for placement in 72-hour P.H.D, However there are Several issues based on the preliminary investigation of the Incident which was handled Improperly, which would warrant the P.H.D unjustified. Supporting Evidence shows Several discrepancies such as The exact time of Placement being at the same time of the incident. The injury report shows the time of Injury being After I was placed in P.H.D. The incident/Injury reports give a conflict as to the time of Injury of (25) Twenty-Five minutes.

The misconduct report provides Additional Information which States both individuals Admitted to Just fighting, however the Seargent failed to obtain a written statement(s) to support that Fact, Furthermore based on the Medical reports show I was Knocked unconcious at some time And dont believe this statement Regarding my involvement being true, together with the limited Mobility of my Jaw caused by the Assault, The request of the Video footage, during the disciplinary process as a witness/Evidence on my behalf which could have shown the incident, was denied but necessary because I couldnt remember anything that occured.

1 of 2

C-2

<u>Issue #3</u>              <u>Supporting Facts</u>

According to the Administrative law Judge at C.N.M.C.F
Jo Anne Parish, G.C.C.F failed to provide Additional
Evidence upon request, Medical staff stated my Injuries
required hospitalization and suggest I was a victim and
the Allegations were insufficient based on the Evidence, Therefore
the Misconduct report was dismissed, which should Also
warrant the P.H.D as unjustified.
  Most Importantley due to the Fact the supporting documents/
Evidence were improperly documented and submitted by A Seargent,
he should be held to A Higher standard based on his position.


The employee's of the Guadalupe County Correctional Facility
(G.C.C.F) Should not be permitted to overlook error's in
documents, Improperly documents events or deny an inmate
information which May Jeopardize an inmate's rights;
where it is stated in <u>CD-090100</u>" the purpose of the
policy is to Establish and Maintian Fair <u>Disciplinary</u>
<u>procedures</u> and pratices based on <u>Due Process</u> which
Should be enforced by the Fifth Amendment.

<u>2 of 2</u>

D-2

ISSUE #4

The Employee's of Gaudalupe County Correctional Facility
failed to follow Policy and procedures of the New Mexico Corrections
Department which violated My Fourth and fifth Amendments Right, caused
undue Anxiety and Concern with my Family as to my well being and
personal property.

Supporting Facts

According to various policies they are designed to establish
procedures which Safeguard inmates rights while serving A sentence
in the New Mexico Department of Corrections. It is well founded
if an inmate fails to follow Policy they are Subject to being
Penalized and loose all Administrative relief he may of been
afforded. This issue involves the Employee's failing to follow
procedure's deemed to protect the rights of the inmate.

On the day the incident or shortly thereafter the N.M.C.D
Employee or Contract Employee failed to follow policy CD- 172100
Notification of Serious Illness, Injury or Death of An Inmate (A)
which states; they shall immediately Notify the next of Kin or
other person of Serious Illness, Injury or Death of An inmate.
The notification shall be done in a manner that is respectful,
Courteous, Compassionate and objective which will be documented
using Notification Form 172101.1.

1 of 23

D-2

<u>Issue #4</u>          <u>Supporting Facts</u>

The Facility Failed to Notify my family when the
Incident occured on November 27th 2013, or when I was
Transferred to the Hospital as a result of my Condition.
The injury I had recieved required Hospitalization for Surgery
and Followed by Long Term Care at the Prison Hospital.
At U.N.M.H it was determined an Emergency condition exists
and Surgery was required in Four (4) days with possible Nerve
Damage and Muscle loss in the Jaw area along with the
High risk factor of infection which overall may cause
permanent damage.
The area of the injury involved my neck, Face and head. After
Surgery I had trouble Speaking, once recovery progressed I
Contacted my Family and they were very concerned when they
recieved Medical bills which Totaled over $36,000°° dollars and
had not heard from me in at least (6) six weeks and were
unaware of me being hospitalized or the injuries I recieved on
November 27th 2013.


According to <u>CD-150201 (L)</u> Property Inventory
Procedure for Transfers:
This policy is to Establish specific procedures regarding
the control and Safeguarding of inmate's personal property;
these procedures were not followed and resulted in the
loss of personal property and legal Materials.

<u>2 of 3</u>

D-2

Issue # 4                    Supporting Facts

Under Paragraph B; If the property is not transferred along with the inmate, the shift Supervisor will ensure that the Inmate will recieve a Copy of the inventory sheet and Ensure that the property is Secured and Transferred as soon as Feasible.

under Paragraph 3; The property officer of the Sending unit/ facility, will be responsible for Completing the property Inventory list Form (cd-150201.1) reflecting all property in the inmate's possession prior to transfer........

under Paragraph 5; The Sending Unit's property officer and the Transport officers will ensure that a Copy of the property inventory sheet accompanies an Inmate's property.

On or About November 30, 2013 I was Transferred to the hospital and then to the L.T.C.U in los lunas. During the proceeding weeks and Months, Several Attempts were done through staff at L.T.C.U to recieve or locate my property. (please See part D (2) Administrative relief) The Transfer of my property 120 days later greatly affected my rights to seek Administrative relief and Compensation for the loss of my personal property and legal Materials that was siezed by G.C.C.F and it's Employee's, which Caused undue stress And Anxiety Concerning my direct Appeal under Due Process.

3 of 3

e) Approximate date of filing lawsuit: _____N|A_____

f) Approximate date of disposition: _____N|A_____

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.  Yes ☒  No ☐     If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No," briefly explain why administrative relief was not sought. THE Failure of the Employee's of G.C.C.F to follow policy Regarding An Inmate's property greatly Affected my rights to Seek Andministrave relief under CD-150500 and under The Fourth And Fifth Amendment to the U.S Constitution.

My Transfer on November 29th to U.N.M.H E.R And Condition after Surgery prevented Any Administrative relief Regarding the Failure to Provide Adequate Medical Services at the Time.
(See Attached)

## E.   REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief: The plaintiff request's In the Amount of $1,000⁰⁰ per day, per defendant, that I have remained at the L.T.C.U, or Any Amount deemed Justifiable by the Court,

* ☀. Any Amount deemed Justifiable by the Court For loss of Property.
* ☀ Any Medical And dental bills past and future Paid by defendants.
* ☀ Any And All Court Cost's Paid by the Defendant's
* ☀ An order not to be placed In Any G.E.O Facility in the Future.

_____
Signature of Attorney (if any)

Jeffery W. Campbell #50417
Signature of Petitioner
P.O Box 1328
Los Lunas, New Mexico
87031
or
301 Western Skie's #96
Albuquerque, New Mexico
87123

Attorney's full address and telephone number.

XE-2    2/78                    - 5 -

# Administrative Relief

According to Benjamin Lujan the Administrative Law Judge at C.N.M.C.F, I needed to follow CD Policy-150500 and File an Informal Complaint with the responsable Party, However this involved G.C.C.F, the Facility that Transferred me to the L.T.C.U. This was done through the Case manager Andrea Smith which this resulted in it being at the discretion of G.C.C.F when they Forwarded/Transferred My property. At that point it is considered an ongoing issue and Not grievanceable without an Exact date of Incident, However without any information regarding My property I Couldnt proceed under CD-150500.

The purpose of CD-150201 is to Establish Specific Procedures regarding the Control and Safeguarding of An Inmate's property. The Failure of the Employees of G.C.C.F to follow various procedures under policy CD-150201(L) Property Inventory Procedures for Transfers: has deprived me of documentation to proceed further under CD-150500, along with the Fact that 120 days later when I recieved my property thier was several personal Items missing along with all my legal Materials, which also violated the Policy by not providing me with an Inventory sheet At the time my property was Transferred, which would Also affect my ability to Seek Administrative relief for the loss of property on 11-29-2013.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. Sec. 1746.  18 U.S.C. Sec. 1621.

Executed at  C.N.M.C.F in los lunas , N.M (L.T.C.U) on  May 16       2014 .
                          (Location)                                              (Date)

Notice to All Parties :
                                                    Jeffrey W. Campbell
                                                              (Signature)

The following civil Action as stated here,
Are Facts and Circumstances based Entirely on
Documentation Found At the University of New
Mexico Hospital, In the possession of the New  Mexico  Department of Corrections  and
Corizon Medical Services, who contracts with the Department of Corrections.

Due to the Fact that I  Jeffery W. Campbell  the Plaintiff have filed for
Indigency with the Courts and are unable to Pay For the cost's of these
records, I will Ask the Court for a  Subpeona based on the Discovery  as it
relates to this case.

Unless all parties are in Mutual Agreement to exchange And wieve any And
all fee's which are required For Photocopying at the Department of Corrections.

The witness's are as Follows;

    Nathan H. Boyd  M.D

    France M. Doyle  M.D

    David  G.  Riss  M.D

    Along with  Any Employee's  of  G.C.C.F  and  Corizon Medical
to be Named once disclosure  procedures have been agreed upon.

XE-2  2/78                          - 6 -

Consult Note-ENT                              CAMPBELL, JEFFREY W - 4515511 ⚕

| | |
|---|---|
| Result type: | Consult Note-ENT |
| Result date: | November 30, 2013 08:20 |
| Result status: | Auth (Verified) |
| Result title: | Consult Note-ENT |
| Performed by: | Tomlinson , Andrew R on November 30, 2013 08:20 |
| Verified by: | Boyd, Nathan H on November 30, 2013 16:20 |
| Encounter info: | 230612533, UH, Day Surgery, 11/30/2013 - 12/6/2013 |
| Contributor system: | UNIV_NM_HIM |

**Consult Note-ENT (Verified)**

REQUESTING PHYSICIAN:
M France Doyle, MD in the Emergency Department.

REASON FOR CONSULTATION:
Mandible fracture.

HISTORY OF PRESENT ILLNESS:
Mr. Campbell is a 38-year-old male who is a resident of the state who
states that 4 days ago he was jumped by 4 other men in the prison.  He
does not remember the event because he lost consciousness; however, he
thinks that he has a boot mark behind his left ear.  He endorses
malocclusion and can only open his mouth approximately halfway.  He
says that he is slightly numb to his chin.  He otherwise complains only
of hip pain, but his jaw is his chief complaint.  No blurry vision or
diplopia.

PAST MEDICAL HISTORY:
Denies.

MEDICATIONS:
None.

ALLERGIES:
NO KNOWN DRUG ALLERGIES.

PAST SURGICAL HISTORY:
None.

SOCIAL HISTORY:
Smoked for 20 years before being incarcerated.  He previously worked at
Dairy Queen.  He also endorses cocaine use.

FAMILY HISTORY:
No family history of bleeding disorders, difficulty with anesthesia or

Consult Note-ENT                         CAMPBELL, JEFFREY W - 4515511

history of head and neck cancers.

REVIEW OF SYSTEMS:
As in history of present illness, otherwise negative.

PHYSICAL EXAMINATION:
VITAL SIGNS:  Show a temperature of 36.1, heart rate 79, blood pressure
131/78, oxygen saturation 92% on room air.
GENERAL:  Well developed, well-nourished 38-year-old male uncomfortable
in the emergency department bed.
HEAD:  Obviously traumatic but normocephalic.
EYES:  Pupils are equal.  Extraocular muscles are intact.  Bilateral
periorbital ecchymosis and mild edema, but he is able to open his eyes.
 Extraocular muscles are intact.
EARS:  Normal pinna bilaterally.  Tympanic membranes visualized without
middle ear effusion or retraction.  Some abrasion behind the left ear,
but no laceration.
NOSE:  Straight dorsum.  No epistaxis.
OROPHARYNX:  Normal lips.  Dentition is in very poor repair with
multiple dead and rotting teeth both in the maxilla and mandible.  He
has an obvious fracture through the right parasymphyseal region with
mobility as well as the left angle region.  There is a small amount of
purulence visible at the left angle.  There is 1 tooth which appears
loose.
NECK:  Trachea is midline.  No masses.  No crepitus.
PULMONARY:  Nonlabored breathing.  No respiratory distress.
CARDIOVASCULAR:  Nondistended neck veins.  Good perfusion.
INTEGUMENTARY:  Skin is warm and dry.
NEUROLOGIC:  Clear and appropriate speech.  The patient has decreased
sensation in bilateral mental nerve distributions, but infraorbital
nerves appear to be intact.

INTERPRETATION OF DATA:
CT maxillofacial shows open fractures through the right parasymphyseal
region and the left angle with very poor dentition.  Preliminary read
shows mildly distracted oblique fracture through the right mandibular
body involving the alveolar ridge and mental foramen and oblique
distracted fracture of the left mandibular angle involving the alveolar
ridge and mental foramen with right mandibular canine tooth fracture.

IMPRESSION:
A 38-year-old male status post assault 4 days ago in jail with right
parasymphyseal and left mandibular angle fracture.

PLAN:



**Consult Note-ENT**                              **CAMPBELL, JEFFREY W - 4515511**

Recommend continuation of intravenous clindamycin and nothing by mouth status.  We will look at the operating board today and see if it would be possible to take him for repair today.  Otherwise, he will need repair within the next 4 days.  He will also likely need a dental consultation for possible tooth extraction.  We will follow their recommendations.

Attending Attestation:
I saw and evaluated Mr. Campbell on 11/30/13 and discussed the case with the covering residents. I have personally reviewed the HPI, medical history, family history, social history, ROS, and medications. I repeated pertinent portions of the examination and reviewed the relevant imaging and laboratory data. I agree with the findings, assessment and plan as documented by, Dr. Tomlinson. This patient has a delayed presentation of a right parasymphysis and left angle fracture. I recommended ORIF given that the patient has very poor dentition. I will also extract any loose teeth and tooth roots which may compromise healing. The patient is at high risk for infection given the delayed presentation.

At this time, based on the patient's current clinical condition and treatment, I expect the patient to remain in the hospital less than 24 hours.

**Signature Line**


 Tomlinson , Andrew R MD

 Boyd, Nathan H MD
 Attending Physician
Department of Surgery
Division of Otolaryngology

Dictate Date: 11/30/13
Transcription Date: 11/30/13

**Completed Action List:**
* Perform by Tomlinson , Andrew R on November 30, 2013 08:20
* Transcribe by  on November 30, 2013 09:02
* Sign by Boyd, Nathan H on November 30, 2013 16:20 Requested on November 30, 2013 09:02
* Modify by Boyd, Nathan H on November 30, 2013 16:20

Clinic Note - ENT Comprehensive                CAMPBELL, JEFFREY W - 4515511

\* Final Report \*

| | |
|---|---|
| Result type: | Clinic Note - ENT Comprehensive |
| Result date: | April 18, 2014 09:44 |
| Result status: | Auth (Verified) |
| Result title: | Clinic Note - ENT Comprehensive |
| Performed by: | Boyd, Nathan H on April 18, 2014 13:53 |
| Verified by: | Boyd, Nathan H on April 18, 2014 16:30 |
| Encounter info: | 235172301, UH, Outpatient, 4/18/2014 - |
| Contributor system: | UNIV_NM_HIM |

## \* Final Report \*

**Clinic Note - ENT Comprehensive (Verified)**

CHIEF COMPLAINT:
Mandible fracture.

HISTORY OF PRESENT ILLNESS:
Mr. Campbell is a 39-year-old male who had a mandible fracture repair
on 11/30/2013.  I did this through an external approach as it was an
angle fracture that had been infected and was addressed on a delayed
basis.  In the postoperative period, everything has healed up well
inside the mouth; however, he has had a persistent very slight drainage
from the left neck consistent with hardware infection.  At the last
visit, this appeared to be getting a little bit better; however, it is
not completely closed off and we are going on now 5 months from the
time of the original repair.  The mandible bone itself appears stable
and solid on palpation and he is having no tenderness and able to eat.

PHYSICAL EXAMINATION:
VITAL SIGNS:  Temperature 36.2, pulse 68, blood pressure 141/86.
GENERAL:  Alert and oriented x3, no acute distress.
HEENT:  The oral cavity examination shows prior incisions on the
oblique ridge of the mandible.  These have healed well.  There is no
intraoral fistula.
NECK:  On exam, there is an area of slight granulation and drainage of
the left neck right next to where the mandible plate is.

DIAGNOSIS:
Mandible fracture, infected hardware.

ASSESSMENT AND PLAN:
Mr. Campbell is a very pleasant 39-year-old male who presents today for
followup of a mandible fracture.  He appears to be have infected
mandibular hardware.  He is going on now 5 months since the time of the

Clinic Note - ENT Comprehensive                    CAMPBELL, JEFFREY W - 4515511

\* Final Report \*

original surgery so I think most likely the bone is healed and we can
remove this hardware without issues with the mandible.  I did tell Mr.
Campbell that if in fact the bone is not healed and I take the plate
off that he may end up with a nonunion that would require further
plating and/or fixation down the road.  He understands this.  I went
over the risks and benefits of revision surgery for hardware removal
with him and that includes potential injury to the marginal nerve and
injury to the mental nerve and he understands that as well.  I will
look to add him on to the surgery schedule soon after I get a Panorex
to make sure that I have a guide for the operation to make sure I get
all the hardware out.

Greater than 15 minutes were spent with the patient with more than half
involved in discussion and counselling.


**Signature Line**



 Boyd, Nathan H MD
 Attending Physician
Department of Surgery
Division of Otolaryngology


Dictate Date: 04/18/14
Transcription Date: 04/18/14

**Completed Action List:**
\* Perform by Boyd, Nathan H on April 18, 2014 13:53
\* Transcribe by  on April 18, 2014 16:25
\* Sign by Boyd, Nathan H on April 18, 2014 16:30 Requested on April 18, 2014 16:25
\* Modify by Boyd, Nathan H on April 18, 2014 16:30
\* Verify by Boyd, Nathan H on April 18, 2014 16:30

Jeffrey W. Campbell # 50417
L.T.C.W # 002
P/D Drawer 1328
Los Lunas, NM
87031

LEGAL MAIL

Inmate Name _____
Inmate number _____
CNMCF/CMRU/UNIT# _____
P.O. Drawer 1328
Los Lunas, NM 87031

Legal
Mail

RECEIVED
At Albuquerque NM

MAY 23 2014

MATTHEW J. DYKMAN
CLERK

United States Courthouse
c/o Court Clerks office suite # 270
333 Lomas Blvd N.W
Albuquerque, New Mexico
87102-9843

US POSTAGE
05/22/2014