IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY W. CAMPBELL,

      Plaintiff,

vs.                                                                               No. CIV 14-0496 JB/WPL

THE G.E.O. GROUP, INC.,
GUADALUPE COUNTY CORRECTIONAL,
CORIZON MEDICAL SERVICES,
LIEUTENANT J. BACA, SERGEANT R. BLEA,
SERGEANT M. ALFO, R. KEATN L.P.N.,
T. SALINAS R.N.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) Plaintiff Jeffrey W. Campbell's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 23, 2014 (Doc. 1)("First Complaint"); and (ii) the Motion for Leave to File Amended Complaint, filed September 4, 2014 (Doc. 8)("Second Complaint").[1]  Campbell is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss some, but not all, of Campbell's claims.

The Court has discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2).  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the

---

[1] While Campbell did not incorporate the First Complaint into the Second Complaint, the lack of allegations in the Second Complaint indicates that Campbell intended to add the information in the Second Complaint to the First Complaint.  Consequently, the Court will consider the information that Campbell provides in the Second Complaint as an addition to, rather than a substitution for, the First Complaint.

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the First Complaint and the Second Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The First Complaint names only entities as Defendants. See First Complaint at 1 (naming "The G.E.O. Group Inc.," "Guadalupe County Correctional," and "Corizon Medical Services," as Defendants). In the Second Complaint, however, Campbell names five individuals as "responsible parties involvement [sic] and direct knowledge of the incident." Second Complaint ¶ 3, at 2. Campbell alleges that he received serious facial injuries when one or more people assaulted him at the Guadalupe County Correctional Facility. See First Complaint ¶ 1, at 3 ("On November 27th 2013, I was assaulted by 1 or more persons at the Guadalupe County Correctional Facility which required direct Medical Attention . . . based on the obvious trauma to the head and Facial Area."). He further alleges that the Defendants placed him in "administrative detention" for three days and refused him any medical treatment for his injuries. First Complaint ¶ 2, at 5. When medical staff finally examined Campbell, the Defendants transferred him to a hospital, where he received surgery and medications for an infection. See First Complaint ¶ 3, at 5. As a result of the delay and infection, he required a second surgery six months after the incident, causing permanent disfigurement. See First Complaint ¶ 3, at 5. Furthermore, during Campbell's prolonged recovery, the Defendants seized and failed to return certain of his personal

property for 120 days.  See First Complaint ¶ 4, at 12.  Campbell seeks damages and certain equitable relief.  See First Complaint ¶ 2, at 13.

No relief is available on Campbell's claims against the named entity Defendants.  In each claim, he alleges that individuals acted in violation of applicable policies and procedures.  Specifically, Campbell alleges that "employees . . . refused [him] medical treatment," First Complaint ¶ 2, at 4; "medical staff [failed] to utilize proper equipment and/or procedures," First Complaint ¶ 4, at 4; "property [was] seized . . . without proper administrative procedures," First Complaint ¶ 1, at 7; and "employees . . . failed to follow policy and procedure," First Complaint ¶ 1, at 10.  Although "vicarious liability is not a basis for a § 1983 claim against a corporate defendant," DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 722-23 (10th Cir. 1988), a corporate entity can be liable pursuant to § 1983 under Monell v. Department of Social Services, 436 U.S. 658 (1978).  See Smedley v. Correction Corp. of Am., 175 F. App'x 943, 946 (10th Cir. 2005).  Under Monell v. Department of Social Services, "[a] municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom the municipality."  Novitsky v. City of Aurora, 491 F.3d 1244, 1259 (10th Cir. 2007).  Because Campbell alleges that the "responsible" individuals acted in disregard of corporate policies or customs, the Court will dismiss his claims against the named entity Defendants.

**IT IS ORDERED** that: (i) Plaintiff Jeffrey W. Campbell's claims against Defendants The G.E.O. Group Inc., Guadalupe County Correctional, and Corizon Medical Services are dismissed; (ii) Defendants The G.E.O. Group Inc., Guadalupe County Correctional, and Corizon Medical Services are dismissed as parties to this action; and (iii) the Clerk is directed to issue notice and waiver of service forms, with copies of the First Complaint, filed May 23, 2014 (Doc. 1), and the Second Complaint, filed September 4, 2014 (Doc. 8), for Defendants Lieutenant J. Baca, Sergeant

- 4 -

R. Blea, Sergeant M. Alfo, R. Keatn L.P.N., and T. Salinas R.N. at the Guadalupe County Correctional Facility.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jeffrey W. Campbell
Central New Mexico Correctional Facility
Los Lunas, New Mexico

     *Plaintiff pro se*